IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY RECARDO G. TURNER,

        Plaintiff,                  No. 2:10-cv-0554-MCE-JFM (PC)

   vs.

YOLO COUNTY SHERIFF DEPT.,
et al.,

        Defendants.            <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se.[1] Plaintiff has filed an action styled as a petition for writ of mandamus pursuant to 28 U.S.C. § 1651 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Review of plaintiff's original pleading shows that plaintiff is challenging conditions of his confinement at the Yolo County Jail.[2] Accordingly, this action is construed as a civil rights action pursuant to 42 U.S.C. § 1983. Good cause appearing, plaintiff's original pleading will be dismissed and plaintiff will be granted thirty days to file an amended complaint on the court's form for a civil rights action pursuant to 42 U.S.C. § 1983.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).[3]

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

---

[2] Since the commencement of this action, plaintiff has been transferred to the California Department of Corrections and Rehabilitation.

[3] Plaintiff has included allegations arising from the stop and search that preceded his arrest and appears to claim, inter alia, that he was stopped and arrested without probable cause. This court is precluded from exercising jurisdiction over claims that would interfere with ongoing state criminal proceedings where, as here, those proceedings provide the defendant with an opportunity to raise federal claims. See Younger v. Harris, 401 U.S. 37 (1971).

longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must be prepared on the form provided with this order and must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the court's form complaint for a civil rights action pursuant to 42 U.S.C. § 1983 and accompanying instructions.

DATED: May 18, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY RECARDO G. TURNER,

       Plaintiff,                                     No. 2:10-cv-0554-MCE-JFM (PC)

    vs.

YOLO COUNTY SHERIFF DEPT.,
et al.,                                             NOTICE OF AMENDMENT

       Defendants.
_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

DATED:

                                                   Plaintiff

4